**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2879
_____

JOSE ROSARIO,
                           Appellant

v.

JOHN RIVELLO, Superintendent of SCI-Huntingdon; KEVIN KAUFFMAN, Former
Superintendent of SCI-Huntingdon; JILL SPYKER, Deputy Superintendent for
Centralized Services SCI-Huntingdon; SCOTT WALTER, Former Deputy
Superintendent for Centralized Services SCI-Huntingdon; GEORGE RALSTON, Unit
Manager of B and C Blocks; JOHN E. WETZEL, Secretary of Corrections of the
Commonwealth of Pennsylvania; TABB BICKELL, Executive Deputy for Institutional
Operations for the Department of Corrections

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-01840)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRCA, <u>Circuit Judges</u>

(Opinion filed: May 23, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jose Rosario, an inmate at Pennsylvania State Correctional Institution Huntingdon, appeals *pro se* from the District Court's order granting summary judgment in favor appellees, current and former officials within the Commonwealth's Department of Corrections. We will affirm.

I.

Rosario filed a complaint in October 2021 against SCI-Huntingdon Superintendent John Rivello, then-Secretary of Corrections John E. Wetzel, and other prison officials under 42 U.S.C. § 1983 challenging the conditions of his confinement under the Eighth Amendment and charging each defendant with negligence under Pennsylvania law. According to the complaint, the facilities at SCI Huntingdon—the oldest, continuously operated state prison in Pennsylvania—have deteriorated to such a degree since it opened in 1889 that the complex is now structurally unstable. Rosario asserts that he suffers from chronic respiratory issues and nose bleeds due to poor air circulation and the presence of black mold and asbestos throughout the prison. He describes a variety of maintenance issues—from frequent flooding and electrical fires to a chronic infestation of rats, roaches, and other insects—that defendants allegedly knew about through personal observations, official reports, and formal grievances, but did nothing to ameliorate.

The parties filed cross-motions for summary judgment at the close of discovery. The District Court granted defendants' motion and denied Rosario's, concluding that he failed to substantiate his claimed injuries apart from submitting "a medical record

2

indicating that he had 'nasal stuffiness' on July 19, 2021." See ECF Doc. 72 at 6 (quoting ECF Doc. 54 at 6). The court further explained that Rosario failed to put forth a single piece of evidence establishing that any defendant knew he was suffering from the conditions of his confinement, let alone that they were personally involved in the alleged violation of his rights, whether directly or by acquiescence. Although Rosario had submitted declarations from eight other prisoners summarizing the conditions he described in his complaint, the court noted that none of them addressed the effects the prison environment purportedly had on him specifically, nor did they demonstrate defendants' particular knowledge of the same. As for Rosario's negligence claims, the court held that each defendant was entitled to sovereign immunity under Pennsylvania law because they were acting within the scope of their employment as DOC supervisors. Rosario appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

Rosario contends that the District Court erred in granting summary judgment in favor of appellees on his Eighth Amendment claim because the allegations in his verified complaint alone create a genuine issue of material fact. He is mistaken.

To be liable for a civil rights violation under federal law, a defendant must have been personally involved in the alleged wrong. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff can demonstrate a defendant's personal involvement with proof that the defendant directed the challenged conduct or had actual knowledge of it and acquiesced in it. See id. Here, Rosario expressly disclaimed that any defendant "caused or w[as] directly involved in subjecting" him to the harsh prison conditions of which he complains. See ECF Doc. 54 at 2. He maintains, however, that they knew about those conditions and failed to correct them, and thus were deliberately indifferent to his plight. But as the District Court correctly noted, the summary judgment record is bereft of documentary or testimonial evidence supporting his allegations. If Rosario filed grievances putting appellees on notice that prison conditions were harming him, he did not attach them to his complaint or submit them with his motion for summary judgment, so their contents and the recipients' identities are not of record. As for the declarations he obtained from other prisoners, they say nothing about his personal circumstances that could have alerted appellees to his individual needs. Rosario's conclusory allegations alone are insufficient to create a genuine dispute of material fact as to appellees' culpability warranting a trial on his Eighth Amendment claim. See Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109-10 (3d Cir. 1985)

4

(party opposing summary judgment "must produce specific facts showing that there is a genuine issue for trial, rather than resting upon the assertions of a pleading").[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] To the extent Rosario intended to challenge the District Court's dismissal of his negligence claim on sovereign immunity grounds, he forfeited any such argument by failing to raise it on appeal.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that litigant's failure to develop claims in opening brief results in forfeiture).